## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL MAY,** | : | **No. 3:09cv1405** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **TIMOTHY MCCALL and** | : | |
| **DELUE HAULERS** | : | |
| **SPECIALIZED CARRIERS, INC.,** | : | |
| **Defendants** | : | |

## MEMORANDUM and ORDER

Before the court is the plaintiff's motion in limine to preclude certain evidence from the trial of this matter. The motion has been fully briefed and is ripe for disposition.

**Background**

This case involves a motor vehicle accident. While plaintiff was stopped at a traffic bottleneck in a Dodge Durango truck, he was struck from behind by a tractor-trailer owned by Defendant DeLue Haulers Specialized Carriers, Inc., and driven by Defendant Timothy McCall. (Doc. 1, Complaint ¶¶ 1 - 14). Discovery has been completed in the case, and a pretrial conference has been scheduled. (Doc. 18, Order Scheduling Pretrial Conference).

Plaintiff has filed a motion seeking to preclude from trial evidence that he was arrested in February 2010. The facts are as follows: In February 2010, nearly two years after the subject accident, Plaintiff Paul May was arrested after another accident and charged with Driving Under the Influence of Alcohol or Controlled Substance, ("DUI"), 75 PA. CONS. STAT. § 3802(b) and Careless Driving, 75 PA. CONS. STAT. § 3714. (Doc. 20-4, Police Criminal Complaint).

Plaintiff seeks to have evidence of this separate arrest precluded from the trial and argues that it is unrelated to the facts of this case and irrelevant. Defendants argue that the evidence is relevant.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would he without the evidence." FED. R. EVID. 401. At the scene of the second accident, plaintiff complained of neck pain to the arresting officer. (Doc. 20-4, Police Criminal Complaint Affidavit of Probable Cause). At issue in the instant case is whether the defendant caused injury to the plaintiff's neck. (Doc. 1, Complaint ¶ 20). This evidence then is relevant on the issue of causation regarding plaintiff's present physical condition according to the defendants.

Defendants also point out that at his deposition, plaintiff testified that immediately after the initial accident, he missed a few days of work in May 2008. (Doc. 23-2, Plaintiff's Deposition at 26-27). He stated also that he had not missed any more work until about a month prior to the deposition - at about the time of the second accident- when he suffered an unexplained exacerbation of neck pain. (Id. at 28-29). The jury may be able to conclude that this flare up of neck pain is due to the second accident, not the first or at least was aggravated by the second accident.

We thus find that the evidence at issue is relevant as to the damages plaintiff seeks. The injuries he complains of, i.e. neck pain, could have been caused to some extent by this second accident. The Federal Rules of Evidence provide that: "[a]ll relevant evidence is admissible, except as otherwise proved[.] Evidence which is not relevant is not admissible." FED. R. EVID. 402. The court can preclude relevant evidence "if its probative

2

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

We will limit the evidence under Rule 403. The probative value of the admission of the DUI charge is substantially outweighed by the danger of unfair prejudice. See FED. R. CIV. PRO. 403. A jury might conclude that the fact that plaintiff was arrested for DUI establishes that he has bad character and is unworthy of a jury verdict. Additionally, the probative value of the arrest for DUI is not great. The DUI arrest has little, if anything, to do with the extent of the plaintiff's injuries. The fact that the second accident occurred explains the injuries, no need exists to go into the DUI arrest. Therefore, the defendants may question the plaintiff with regard to the second accident and the arrest for Careless Driving, but not with regard to the DUI.

The arrest for Careless Driving may also be used for impeachment purposes as the defendants claim that plaintiff failed to reveal this arrest when questioned on the subject of arrests at his deposition.[1]

Accordingly, the motion in limine (Doc. 20) is **GRANTED** in part and **DENIED** in part. It is granted with respect to the 2010 DUI charge and the defendants are not permitted to submit evidence of this charge. It is denied in all other respects.

---

[1](See Doc. 23-2, Plaintiff's Deposition, at 8-9 (Plaintiff first denies ever having been arrested or convicted of a crime, then mentions only a DUI from 1989)).

**Date:** August 3, 2010

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

4